## United States Bankruptcy Court
### Southern District of Indiana

In re **Andrea McNeill**
Debtor(s)

Case No. **13-90392-BHL**
Chapter **13**

# CHAPTER 13 PLAN

Original **X**
Amended Plan # __ (e.g. 1st, 2nd)
**\*\*MUST BE DESIGNATED\*\***

1. **GENERAL PROVISIONS:**

    **(a) YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Bankruptcy Court. If you have a secured claim, this plan may modify your lien if you do not object to the plan.

    **(b) PROOFS OF CLAIM:** This plan does not allow claims. You must file a proof of claim to receive pre-confirmation adequate protection payments and to receive distribution under a confirmed plan. The filed proof of claim shall control as to the claim amount for pre-petition arrearages, secured and priority tax liabilities, and any payment in full offers unless specifically objected to and determined otherwise by the Court. All claims that are secured by a security interest in real estate shall comply with the requirements of B.R. 3001(c) without regard to whether the real estate is the debtor's principal residence.

    **(c) NOTICES RELATING TO MORTGAGES:** All creditors with claims secured by a security interest in real estate shall comply with the requirements of B.R. 3002.1 without regard to whether the real estate is the debtor's principal residence. In addition to the requirements of B.R. 3002.1, should there be a change in the mortgage servicer while the bankruptcy is pending, the mortgage holder shall file with the Bankruptcy Court and serve upon the debtor, debtor's counsel and the Chapter 13 Trustee a Notice setting forth the change and providing the name of the servicer, the payment address, a contact phone number and a contact e-mail address.

    **(d) NOTICES (OTHER THAN THOSE RELATING TO MORTGAGES):** Non-mortgage creditors in Section 7(c) (whose rights are not being modified) or in Section 10 (whose executory contracts/unexpired leases are being accepted) may continue to mail customary notices or coupons to the debtor or the Trustee notwithstanding the automatic stay.

    **(e) ADEQUATE PROTECTION PAYMENTS:** In accordance with Local Rule B3015-3, any adequate protection payment offers shall be based upon 1% of the proposed allowed secured claim, although that presumption may be rebutted. The Chapter 13 Trustee ("Trustee") shall disburse such payments to the secured creditor as soon as practicable after receiving plan payments from the debtor, and the allowable secured claim will be reduced accordingly. All adequate protection payments shall be subject to the Trustee's percentage fee as set by the United States Trustee. No adequate protection payments will be made by the debtor directly to the creditor.

    **(f) EQUAL MONTHLY PAYMENTS:** The Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim. The trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

    **(g) PAYMENTS FOLLOWING ENTRY OF ORDERS LIFTING STAY:** Upon entry of an order lifting the stay, no distributions shall be made on any secured claim relating to the subject collateral until such time as a timely amended deficiency claim is filed by such creditor and deemed allowed, or the automatic stay is re-imposed by further order of the Court.

2. **SUBMISSION OF INCOME:** Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the debtor as is necessary for the execution of this plan.

3. **PAYMENT AND LENGTH OF PLAN:** Debtor shall pay **$525.00 Monthly for 2 months, then $524.00 Monthly for 1 months, then $595.00 Monthly for 57 months** to the Chapter 13 trustee, starting not later than 30 days after the order for relief, for approximately **60** months, for a total amount of $ **35,489.00** . Additional payments to the trustee: **None.** .

**4. ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):**
All administrative claims will be paid in full by the Trustee unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount |
|---|---|---|
| **Lloyd E. Koehler, Attorney at Law** | **Attorney Fees** | **$4,000.00** |

**5. DOMESTIC SUPPORT OBLIGATIONS:** The following Domestic Support Obligations will be paid in the manner specified:

| Creditor | Type of Claim | Estimated Arrears | Treatment |
|---|---|---|---|
| **-NONE-** | | | |

**DEBTOR IS REQUIRED TO PAY ANY PAYMENTS FALLING DUE AFTER THE FILING OF THE CASE PURSUANT TO A DOMESTIC SUPPORT ORDER DIRECTLY TO THE PAYEE IN ORDER FOR THIS PLAN TO BE <u>CONFIRMED</u> AND FOR DEBTOR TO RECEIVE A <u>DISCHARGE</u> FROM THE COURT UPON COMPLETION OF PLAN PAYMENTS HEREIN.**

**6. SECURED CLAIMS RELATING SOLELY TO THE DEBTOR'S PRINCIPAL RESIDENCE-CURING DEFAULTS AND/OR MAINTAINING PAYMENTS (INCLUSIVE OF REAL ESTATE TAXES AND HOMEOWNER'S ASSOCIATION ARREARS):** If there is a pre-petition arrearage claim on a mortgage secured by the debtor's principal residence, then both the pre-petition arrearage and the post-petition mortgage installments shall be made through the Trustee. Initial post-petition payment arrears shall be paid with secured creditors. If there are no arrears, the debtor may pay the secured creditor directly. Estimated Currently Monthly Installment listed below shall be adjusted based on filed claim and/or notice.

| Creditor | Residential Address | Estimated Arrears | Estimated Current Monthly Installment | Select One: Trustee Pay | Direct Pay |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

**No late charges, fees or other monetary amounts shall be assessed based on the timing of any payments made by the Trustee under the provisions of the Plan, unless allowed by Order of the Court.**

**7. SECURED CLAIMS OTHER THAN CLAIMS RELATING TO THE DEBTOR'S PRINCIPAL RESIDENCE:** After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the equal monthly amount in column (a)(6) or (b)(7) based upon the amount of the claim [(Para. 7(a), column (4)] or value offer [(Para. 7(b), column (5)] with interest at the rate stated in column (a)(5) or (b)(6).

(a) **Secured Claims To Which 11 U.S.C. 506 Valuation Is Not Applicable:**

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Estimated Claim Amount | (5) Interest Rate | (6) Equal Monthly Amount | (7) Adequate Protection Amount (1% of allowed secured claim) |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

Additional plan offer, if any, as relates to above claim(s):

(b) **Secured Claims To Which 11 U.S.C. 506 Valuation Is Applicable:**

**The Debtor proposes to pay the subject creditor an adequate protection payment of 1% of it's claim amount.  Said adequate protection payment will commence 30 days after the date said creditor files it's proof of claim.  Adequate protection payments will continue until a certain proof of claim for attorney's fees filed by the Debtor's counsel is paid in full.  Upon payment in full of said Debtor's Counsel's proof of claim, the subject creditor will receive equal monthly installments until it's proof of claim is paid in full.**

| (1) Creditor | (2) Collateral | (3) Purchase Date | (4) Scheduled Debt | (5) Value | (6) Interest Rate | (7) Equal Monthly Amount | (8) Adequate Protection Amount (1% of allowed secured claim) |
|---|---|---|---|---|---|---|---|
| ALLY FINCL **Ally Financial shall not report derogatory reports to any credit bureau in regard to the subject co-signer.** | 2010 Chevrolet Malibu Mileage: 37,000 Location: 3319 Buffalo Trail, Floyds Knobs IN 47119 The value has been estimated by the N.A.D.A Bluebook Purchased 972 days from 2/21/13 | 06/25/2010 | $16,955.00 **The Debtor propose to pay the claim amount at the contract interest rate in order to protect the co-signer who is her non-filing Spouse, Michael McNeill.** | $13,788.00 | 7.25% | $522.69 | $169.55 |

Additional plan offer, if any, as relates to above claim(s):

(c) **Curing Defaults and/or Maintaining Payments:** Trustee shall pay allowed claim for arrearage, and debtor shall pay regular post-petition contract payments directly to the creditor:

| Creditor | Collateral/Type of Debt | Estimated Arrears | Interest Rate(if any) |
|---|---|---|---|
| **-NONE-** | | | |

(d) **Surrendered/Abandoned Collateral:** The debtor intends to surrender, and, upon confirmation, the Chapter 13 estate abandons any interest in the following collateral:

| Creditor | Collateral Surrendered/Abandoned | Scheduled Value of Property |
|---|---|---|
| DVCMC Association | **Timeshare in Saratoga Springs The Debtor proposes to surrender to the cosigner, which is her Husband.** | $2,000.00 |

**8. SECURED TAX CLAIMS AND 11 U.S.C. 507 PRIORITY CLAIMS:** All allowed secured tax obligations shall be paid in full by the Trustee, inclusive of statutory interest thereon (whether or not an interest factor is expressly offered by plan terms). All allowed priority claims shall be paid in full by the Trustee, exclusive of interest, unless the creditor agrees otherwise:

| Creditor | Type of Priority or Secured Claim | Scheduled Debt | Treatment |
|---|---|---|---|
| **-NONE-** | | | |

9. <u>**NON-PRIORITY UNSECURED CLAIMS:**</u>

   (a) **Separately Classified or Long-term Debts:**

| Creditor | Basis for Classification | Treatment | Amount | Interest (if any) |
|---|---|---|---|---|
| **Department of Education/ Sallie Mae** | Student Loan | The Debtor propose to pay the student lender monthly payments direct outside of the plan. | **$48,419.00** | **7.25%** |

   (b) **General Unsecured Claims:**
   ___ Pro rata distribution from any remaining funds; or
   _X_ Other: The Debtor propose to pay the Department of Education/Sallie Mae directly outside of the plan.

10. <u>**EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**</u> All executory contracts and unexpired leases are REJECTED, except the following, which are assumed:

| Creditor | Property Description | Treatment |
|---|---|---|
| **-NONE-** | | |

11. <u>**AVOIDANCE OF LIENS.**</u> Debtor will file a separate motion or adversary proceeding to avoid the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions.

| Creditor | Collateral/Property Description | Amount of Lien to be Avoided |
|---|---|---|
| **-NONE-** | | |

12. <u>**LIEN RETENTION.**</u> With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) a discharge order being entered under 11 U.S.C. 1328.

13. <u>**VESTING OF PROPERTY OF THE ESTATE.**</u> Except as necessary to fund the plan or as expressly retained by the plan or confirmation order, the property of the estate shall revest in the debtor upon confirmation of the debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the debtor post-petition pursuant to operation of 11 U.S.C. 1306.

14. <u>**PLAN DEFAULTS AND MOTIONS TO MODIFY:**</u> If Debtor(s) fall behind on plan payments, the Debtor(s) and the Trustee may agree that the Debtor(s) will increase the payment amount each month or that the time period for making payments will be extended, not to exceed 60 months. Creditors will not receive notice of any such agreement unless the total amount that the Debtor(s) will pay to the Trustee goes down. Any party may request in writing, addressed to the Trustee at the address shown on the notice of the meeting of creditors, that the Trustee give that party notice of any such agreement. Agreements under this section cannot extend the term of the plan more than 6 additional months.

15. <u>**MISCELLANEOUS PROVISIONS:**</u>

**The Debtor(s) may incur post-petition debt upon written approval from the Trustee.**

Date:  March 11, 2013

/s/ Andrea McNeill
**Andrea McNeill**
**Debtor**

/s/ Lloyd E. Koehler, Attorney at Law
**Lloyd E. Koehler, Attorney at Law**
**Debtor's Attorney**